[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14769
Non-Argument Calendar

_____

D. C. Docket No. 99-07677-CV-DTKH

AMBROSIA COAL AND CONSTRUCTION COMPANY,
a Pennsylvania corporation,

Plaintiff-
Counter-Defendant-
Appellee,

versus

HECTOR CARLOS PAGES MORALES, et al.,

Defendants-Cross-Defendants,

ISLA VERDE BEACH HOTEL & CASINO S.E., et al.,

Defendants,

SMALL CORPORATE SERVICES, et al.,

Defendants-Counter-Claimants-
Cross-Claimants,

GREEN ISLE PARTNERS LTD., S.E.,
GREEN ISLE-GP LTD., S.E.,

ACES GREEN ISLE GP, INC.,

Defendants-
Cross-Defendants-
Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

This appeal is from the district court's orders of October 2, 2006 and October 1, 2007, which collectively rejected appellants' applications for "reasonable costs and attorney's fees" pursuant to Fla. Stat. § 768.79, "excess costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927, and sanctions, in the form of attorney's fees and costs, pursuant to the district court's inherent power. Appellants contend that the district court misapplied §§ 768.79 and 1927 to the facts before it and therefore abused its discretion in denying their applications.

We are not persuaded. We conclude that the court properly read the case law interpreting § 768.79 and rightly concluded that appellants failed to satisfy its no-liability judgment with prejudice requirement. The court also understood what

must be shown to obtain sanctions under § 1927 and the court's inherent power and committed no abuse of discretion in refusing to impose the sanctions appellants requested.

AFFIRMED.